UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ARVINYL METAL LAMINATES CORP., ) | | |
| a California Corporation, and ) | | |
| JAMES H. BARRETT, ) | | |
|     Plaintiffs, ) | | |
| ) | | |
| vs. ) | 1:07-cv-0486-LJM-JMS | |
| ) | | |
| ARVINYL METAL LAMINATES FINISHING ) | | |
| GROUP, LLC, CARL W. GROW, ) | | |
| GREG B. STEVENS, and ) | | |
| THE COLUMBIA FIRST GROUP, LTD., ) | | |
|     Defendants. ) | | |

**ORDER ON DEFENDANTS' MOTIONS TO DISMISS**

This cause is now before the Court on defendants', Carl W. Grow ("Grow"), Greg B. Stevens ("Stevens") and the Columbia First Group, Ltd. ("Columbia"), (collectively, "Grow-Stevens Group"), Motion to Dismiss Plaintiffs', Arvinyl Laminates, Corp. ("ALC"), and James H. Barrett ("Barrett") (plaintiffs, collectively, "Plaintiffs"), Claim for Contribution,[1] and on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction. Grow-Stevens Group contends that the Court lacks subject matter jurisdiction over Count II of Plaintiffs' Amended Complaint, that the statute of limitations bars Plaintiffs' claim, or that Plaintiffs' claim is barred by estoppel. Plaintiffs argue that dismissal of Count I resolved the diversity issue that would divest the Court of jurisdiction, that the ten-year statute of limitations for breach of contract actions applies to Count II

---

[1] Grow-Stevens Group along with other parties in this cause filed a Motion to Dismiss on May 7, 2007. In response, Plaintiffs filed a notice of voluntary dismissal of Count I of the Amended Complaint. In the instant motion, Grow-Stevens Group have incorporated, by reference, the arguments in their original Motion to Dismiss; therefore the Court will render an opinion that addresses the issues raised by both Motions to Dismiss.

of the Amended Complaint, and that the prior suits did not adjudicate the issues in Count II such that they act as an estoppel to Plaintiffs' claim.

The issues have been fully briefed and are ripe for ruling. For the reasons stated herein, the court **GRANTS** Grow-Stevens Group's motions to dismiss.

## I. BACKGROUND

### A. THE PARTIES

The Amended Complaint, filed on May 3, 2007, claimed that Plaintiffs', as shareholders of original defendant, Arvinyl Metal Finishing Group, LLC, ("AMFG"), needed protection from this Court of their rights from dissolution of AMFG pursuant to the requirements of AMFG's Operating Agreement, and for contribution for amounts owed on notes and guaranties to a bank. Am. Compl. at 2.

According to the Amended Complaint, AML is a California company with its principal place of business in Corona, California, although in previously filed proceedings, AML's place of business was Indiana. *Id.* ¶ 1; Defs.' Ex. C. Barrett is a resident of California who resides in Riverside County, California, however, in a bankruptcy proceeding and in a State of Indiana suit Barrett admitted that he lived 50% of the time in Indiana. Am. Compl. ¶ 2; Defs.' Exs. C & D. AMFG is a limited liability company organized under the laws of the State of Indiana, with its principal place of business in Zionsville, Indiana. Am. Compl. ¶ 3.

## B. THE BANKRUPTCY PROCEEDINGS

On May 1, 2001, AMFG filed a petition for relief with the United States Bankruptcy Court for the Southern District of Indiana, Indianapolis Division, pursuant to Chapter 11 of the Title XI of the United States Bankruptcy Code, which was converted on December 5, 2001, to a case under Chapter 7 of Title XI of the United States Bankruptcy Code, Case No. 01-06487-BHL-7 (the "Bankruptcy Proceeding"). *Id.* ¶ 4. Pursuant to 11 U.S.C. § 729(a)(1), AMFG did not receive a discharge of its indebtedness. *Id.* ¶ 5. A copy of AMFG's bankruptcy schedules lists twenty unsecured creditors, with a total indebtedness of $1,338,542.09. *Id.* ¶ 6 & Ex. B.

In the Bankruptcy Proceeding, on April 12, 2002, the Chapter 7 Trustee entered a report of not distribution. *Id.* ¶ 7 & Ex. C. On May 17, 2002, the Bankruptcy Court entered a no asset order, upon which all assets of AMFG were abandoned. *Id.* ¶ 8 & Ex. D.

On April 11, 2002, Joseph A. Thomas ("Thomas"), as representative for "various Noteholders, Shareholders and Other Creditor Parties in interest to [AMFG]" filed an emergency motion for an order of abandonment in the Bankruptcy Proceeding ("Motion for Abandonment"). *Id.* ¶ 9 & Ex. E. The Motion for Abandonment set stated the following:

> 1.   ". . . Thomas, by letter on July 25, 2001, request the Bankruptcy Attorney to pursue the subject Actions on behalf of the creditors. That nothing was done. To avoid the Statute of Limitations, . . . Thomas filed the State Court Action on February 7, 2002. That the Trustee requested an Order of Stay. That the Defendant requested Dismissal. That it is set for hearing on Dismissal on May 31, 2002.
>
> 2.   That there are various actions currently pending in State Court (To-Wit: Cause Number 49D12-0202-CT-218 in the Marion Superior court) and an adversarial action in this Court (To-Wit: 01-534 in this case), (the "Actions"), related to: a) causes of action related to the merger of the Debtor and Arvinyl Metal Laminates Corporation and/or any claims of Alter Ego of the Same parties; b) causes of action related to the Breach of Fiduciary Duty by James H. Barrett and/or Arvinyl Metal Laminates Corporation and any potential insurance recovery related thereto;

>  and c) any other causes of action related to the Duties and Obligation of James H. Barrett and/or Arvinyl Metal Laminates Corporation to either the Debtor or the Noteholders, Shareholder or Other Creditor Parties.

*Id.* Ex. E. On May 2, 2002, the Bankruptcy Court entered an order approving the abandonment of AMFG's claims against third parties.[2] *Id.* ¶ 10 & Ex. F.

### C. THE SHAREHOLDERS DERIVATIVE SUIT

On November 13, 2001, Grow-Stevens Group, and others, filed a shareholders derivative action against AFMG for relief on its behalf against Plaintiffs here, in Marion County Superior Court, Cause No. 49D09-0402-CT-312 (the "State Court Proceeding"). *Id.* ¶ 12. On November 4, 2005, AMFG obtained judgment against AML and Barrett in the amount of $1,044,665.00 (the "Judgment"). *Id.* ¶ 13 & Ex. G. AML and Barrett appealed that judgment (the "Appeal"). *Id.* ¶ 14. On April 12, 2007, the Indiana Supreme Court denied transfer thereby concluding AML and Barrett's appeal. *Id.* ¶ 16 & Ex. I.

To stay collection of the Judgment, Plaintiffs filed two letters of credit in the State Court Proceeding in the amount of $800,000.00 and $300,000.00 (the "Letters of Credit"). *Id.* ¶ 15 & Ex. H.

AMFG was administratively dissolved on May 16, 2003, but, upon application, was reinstated and restored to good standing on February 21, 2006, by entry of the Indiana Secretary of State. *Id.* ¶ 18 & Ex. J.

---

[2]The Bankruptcy Proceedings was closed on March 29, 2006, but reopened on January 16, 2007, by an unsecured creditor to administer any application for relief from stay to pursue proceeds of product liability insurance. Am. Compl. ¶ 11.

### D. THE UNION PLANTERS SUIT ON GUARANTIES ON BEHALF OF AMFG

In addition to the Judgment, Plaintiffs contend that AMFG is the owner of certain claims and rights of action that are identified in AMFG's bankruptcy schedules. *Id.* ¶ 19. Specifically, Plaintiffs contend that AMFG owns rights arising from lawsuit filed by Union Planters Bank, National Association ("Union Planters"), in November 2001, in Marion County Superior Court, Cause No. 49D07-0111-CP-001805, for collection on the notes and guaranties of Plaintiffs and Grow-Stevens Group. *Id.* ¶ 38.

On July 2, 2002, Plaintiffs and Fred M. Barrett ("Fred"), entered into a settlement agreement (the "Barrett Group Agreement") with Union Planters in satisfaction of their guaranties. *Id.* ¶ 39 & Ex. T. Barrett paid $600,000.00 to Union Planters in satisfaction of the Barrett Group Agreement. *Id.* ¶ 40.

In December 2002, a settlement agreement ("Grow-Stevens Group Agreement") was executed between Union Planters and Grow-Stevens Group. *Id.* & Ex. K. The Grow-Stevens Group Agreement provides that on September 1, 1999, AMFG executed a promissory note in favor of Union Planters in the amount of $1,500,000.00, which indebted AMFG to Union Planters for that amount. *Id.* Ex. K, ¶ 1. On the same date, Barrett, Grow and Columbia each executed an unlimited continuing guaranty in favor of Union Planters, which guaranteed payment of certain liabilities of AMFG to the Bank. *Id.* ¶¶ 3 & 4, Ex. S. Similarly, on October 1, 1999, Stevens executed a modified limited continuing guaranty in favor of Union Planters, under which Union Planters sought payment of certain liability of AMFG to the Bank. *Id.* ¶ 5. As of the date of the Grow-Stevens Group Agreement, Union Planters contended that AMFG had a certain indebtedness to it. *Id.* ¶ 6. The Agreement stated:

> Litigation is pending in the Marion Superior Court, Case No. 49D07-0111-CP-001805, . . . in which [Union Planters] asserted claims against [Grow-Stevens Group] related to the Liabilities and in which [Grow-Stevens Group] denied any liability to the Bank and in which [Grow-Stevens Group] asserted various affirmative defenses and counter-claims against [Union Planters], which counterclaims were later dismissed.

*Id.* ¶ 7. The Grow-Stevens Group Agreement stated that "[i]n satisfaction of the Guaranties, the Grow-Stevens Group shall pay to [Union Planters] the sum of . . . $190,000.00 . . . ." *Id.* Sec. 1, ¶ 1.1. In exchange, Union Planters released its claims against Grow-Stevens Group. *Id.* Sec. 2, ¶ 2.1.

The Grow-Stevens Group Agreement also provided the following:

> 3.1. The Grow-Stevens Group may at its option pursue presently existing litigation related to (i) the Judgment obtained by [AMFG] against American Continental Industries, Inc., American Commercial Holdings, Inc., American Commercial Holdings, LLC, American Commercial Steel, Inc., American Commercial Assembly, Inc., and George S. Hofmeisterin Case No. 01-40096 in the United States District Court for the Eastern District of Michigan, Southern Division, (ii) the claims against [AML], (iii) the claims against the Fidelity bond written by Lloyds, and (iv) the merger enforcement action pending in the United States Bankruptcy Court for the Southern District of Indiana in Case No. 01-06487-BHL-11, Adversary Proceeding No. 01-534 (collectively "Litigation"). Net proceed, if any, after attorney's fees and costs and expenses of recovery received by the Grow-Stevens Group from the Litigation shall first be paid to the Bank up to the sum of . . . $120,000.00[] for credit against the Grow Note and the Stevens Note equally. [Union Planters] shall retain its presently existing security interest in the Litigation and the proceeds therefrom until the Grow Note and the Stevens Note are paid in full. Upon satisfaction of the Grow Note and the Stevens Note, [Union Planters] shall assign its secured notes executed by [AMFG] and its security interest in the Litigation to Stevens (52.63%) and Grow (47.37%). . . .

*Id.* Sec. 3, ¶ 3.1.

In Count I, Plaintiffs alleged shareholder derivative claims against AMFG and Grow-Stevens Group. *Id.*

In their remaining claim, Plaintiffs' contend that AML is a creditor of AMFG upon notes, accounts and investments in the amount of $969,054.00, *id.* ¶ 26 & Ex. M, and Plaintiffs claim that

6

Barrett is a creditor of AMFG by reason of his payment of his personal guaranty of AMFG's indebtedness to Union Planters in the amount of $600,000.00. *Id.* ¶ 27.

Plaintiffs assert that Grow-Stevens Group and Plaintiffs were jointly and severally liable to the full extent of their guaranties for the indebtedness of AMFG to Union Planters. *Id.* ¶ 43. "Equal contribution for the satisfaction of the deficiency of AMFG's indebtedness to Union Planters required the sum of $790,000.00[,] for which equal contribution would have been $197,500.00." *Id.* ¶ 44. Plaintiffs claim that Grow-Stevens Group owes them $410,000.00.

## II. **DISCUSSION**

Grow-Steven Group contends that the Court does not have jurisdiction over this action because when it was filed, Barrett, AML, and AMFG, an LLC, were citizens of the same state, which would destroy diversity jurisdiction. Plaintiffs contend that at the time the Amended Complaint was filed and Count I was dismissed, along with AMFG, there was complete diversity and the Court had jurisdiction under 28 U.S.C. § 1332.

The Court cannot agree with Plaintiffs that the Court must look to the remaining count, Count II, to determine diversity jurisdiction. Under 28 U.S.C. § 1332, this Court has jurisdiction over Plaintiffs' claims if the controversy is between citizens of different states and the amount in controversy exceeds $75,000.00. "For diversity purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (citing *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007)). The Court's inquiry into state of "citizenship" is centered around the status of the parties at the time the action was commenced. *See Sadat v. Mertes*, 615 F.2d 1176, 1180 (7th Cir. 1980). Here, the action was

commenced upon the filing of the Amended Complaint. In the Amended Complaint, AMFG was a named defendant. Moreover, the Amended Complaint made clear that AMFG is a limited liability company, and that Barrett is a partner in that company. As a result, AMFG and Barrett are citizens of the same state, regardless of whether that state is California or Indiana, and diversity jurisdiction is destroyed. Therefore, the Amended Complaint must be dismissed for lack of diversity jurisdiction; however, in the interest of justice, the Court will allow Plaintiffs ten days to file a Second Amended Complaint.

### III. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendants', motions to dismiss (Docket Nos. 22 and 30), for lack of subject matter jurisdiction. Plaintiffs, Arvinyl Laminates, Corp., and James H. Barrett, shall have ten days from the date of this Order to file their Second Amended Complaint, otherwise, the Court shall enter judgment.

IT IS SO ORDERED this 2nd day of October, 2007.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed electronically to:

Carl W. Grow
CARL W. GROW
carl@labratsolutions.com

Jeffrey A. Hokanson
HOSTETLER & KOWALIK PC
jeff.hokanson@hostetler-kowalik.com

J. Bradley Schooley
HOSTETLER & KOWALIK PC
jbs@hostetler-kowalik.com

Michael Eugene Simmons
HUME SMITH GEDDES GREEN & SIMMONS
msimmons@humesmith.com

Joseph A. Thomas
THOMAS SZOSTAK THOMAS & NUGENT
joethomas@tstnlaw.com