UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES H. BARRETT, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|   vs. | ) | 1:07-cv-486-LJM-JMS |
| | ) | |
| CARL W. GROW, GREG B. STEVENS, | ) | |
| and THE COLUMBIA FIRST GROUP, | ) | |
| LTD., | ) | |
|     Defendants. | ) | |

## ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on defendants', Carl W. Grow ("Grow"), Greg B. Stevens ("Stevens"), and the Columbia First Group ("Columbia") (collectively, "Defendants"), Motion for Summary Judgment. In his Second Amended Complaint ("Complaint"), Plaintiff, James H. Barrett ("Barrett"), alleges that Defendants owed contribution toward payments made by Barrett under the terms of his $600,000.00 settlement with Union Planter's Bank ("UPB"). On November 13, 2008, the Court concluded that Barrett's claim for contribution was barred by the equitable doctrine of unclean hands. Dkt. No. 98. In Count IV of Defendants' Counterclaim ("Count IV"), Defendants allege that Barrett's claim for contribution amounts to frivolous litigation and abuse of process in violation of Ind. Code. § 34-52-1-1. Dkt. No. 76. Defendants now move the Court to enter judgment in their favor on Count IV pursuant to Fed. R. Civ. P. 56. The Court has fully considered the parties' arguments and, for the following reasons, Defendants' Motion for Summary Judgment is **DENIED**.

## I. BACKGROUND

Barrett and each of the Defendants were members of Arvinyl Metal Finishing Group, LLC ("AMFG"), an Indiana limited liability company. Dkt. No. 98. Barrett was President and Director of AMFG from its formation until July 31, 2001. *Id.* Barrett is also the majority holder of Arvinyl Metal Laminates Corporation ("AML"), a California corporation that is a part owner of AMFG. *Id.*

On or about March 1, 2000, and September 1, 2000, for value received, AMFG executed a promissory note, identified as a "Business Credit Note," for $1,500,000.00, and a "Credit Note" for $150,000.00, in favor of UPB. *Id.*; Dkt. No. 41-2. In order for AMFG to obtain these loans, Stevens and Fred M. Barrett executed and delivered limited continuing guaranties of the indebtedness, and Barrett and Grow executed and delivered unlimited continuing guaranties. Dkt. No. 98; Dkt. No. 41-3, 4.

In May 2001, AMFG filed a petition for Chapter 11 bankruptcy, which, in December 2001, was converted to a Chapter 7 bankruptcy. Dkt. No. 98. In November 2001, UPB filed a complaint in Marion County Superior Court for collection of Barrett's and Defendants' notes and guaranties. *Id.* In February 2002, Defendants and other plaintiffs filed suit against Barrett and AMFG, as the derivative defendant. Dkt. No. 77-2. On May 2, 2002, the Bankruptcy Court entered an "Order of Abandonment" that abandoned the assets of AMFG. Dkt. No. 20-4. This order specifically referenced the pending state court action against Barrett and AML, and stated that the Trustee thereby abandoned its right to the property (i.e. the judgment), pending the rights of any secured creditors. *Id.*

Meanwhile, on July 2, 2002, Barrett, Fred Barrett, and AML entered into a settlement agreement with UPB in satisfaction of all guarantees up to the sum of $600,000.00. Dkt.

No. 41-5.  Barrett paid $600,000.00 to UPB.  Dkt. No. 98.  Defendants also entered into an agreement with UPB whereby they agreed to pay UPB a total of $190,000.00 for release of their liability. Dkt. No. 41-6.  Notwithstanding their settlement agreement, UPB released Defendants from liability after paying only $70,000.00.  Barrett Aff. at ¶ 13.

On May 28, 2003, Marion County Superior Court No.7 issued its Findings of Fact, Conclusion of Law, and Judgment ("Judgment") in the state court action against Barrett and AML.   Dkt. No. 30-2 at ¶ 8.  The court concluded as a matter of law that Barrett breached his fiduciary duty to AMFG.  Dkt. No. 30-2 at ¶ 8.  Specifically, the Court concluded that Barrett transferred equipment and inventory from AMFG without authorization, credit or payment; failed to protect confidential proprietary information of AMFG by transferring the equipment and inventory from AMFG; and transferred sales from AMFG without authorization, credit, or payment.  Dkt. No. 30-2 at ¶ 8.  Further, the Court concluded that AML failed to complete a Merger of Assets with AMFG.  *Id.* at ¶ 12.  On November 4, 2005, the court issued a judgment on behalf of the derivative defendant, AMFG, against Barrett and AML for $1,044,665.00.  Dkt. No. 77- 4.  The Indiana Court of Appeals affirmed the finding that Barrett breached his fiduciary duty to AMFG.  Dkt. No. 77-3 at 16-18.

In response to Barrett's claim that the plaintiffs' losses in his state case were not shown to be attributable to him, the Indiana Court of Appeals stated that "the [lower] court explicitly found in its summary judgment order [that the losses were attributable to Barrett], and Barrett does not appear to challenge those findings on appeal."  Dkt. No. 77-3 at 17. In support of this statement, the Court of Appeals cited the plaintiffs' numerous explicit citations in their complaint that, as a direct result of Barrett's breaches, the plaintiffs were unable to meet their obligations and were forced into bankruptcy.  *Id.*  The Indiana

Supreme Court refused to hear Barrett's appeal of the Court of Appeals' decision. Dkt. No. 91 at 7.

In his Complaint, Barrett sought contribution from the Defendants, alleging that his contribution towards the $790,000.00 indebtedness of AMFG to UPB was $410,000.00 greater than the total contribution by the Defendants. Compl. ¶ 14. On November 13, 2008, the Court issued an Order granting Defendants' partial motion for summary judgment on Barrett's claim for contribution because Barrett's claim was barred by the equitable doctrine of unclean hands. Dkt. No. 98. The Court adds additional facts as needed below.

## II. **STANDARD**

As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). *See also United Ass'n of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1267-68 (7th Cir. 1990). Motions for summary judgment are governed by Federal Rule of Civil Procedure 56 (c) ("Rule 56(c)"), which provides in relevant part:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials which "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ.

P. 56(e). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997 (7th Cir. 1996). It is not the duty of the Court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which she relies. *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). When the moving party has met the standard of Rule 56, summary judgment is mandatory. *See Celotex*, 477 U.S. at 322-23; *Shields Enters., Inc. v. First Chi. Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992).

In evaluating a motion for summary judgment, the Court should draw all reasonable inferences from undisputed facts in favor of the nonmoving party and should view the disputed evidence in the light most favorable to the nonmoving party. *See Estate of Cole v. Fromm*, 94 F.3d 254, 257 (7th Cir. 1996). The mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. Only factual disputes that might affect the outcome of the suit in light of the substantive law will preclude summary judgment. *See Anderson*, 477 U.S. at 248; *JPM Inc. v. John Deere Indus. Equip. Co.*, 94 F.3d 270, 273 (7th Cir. 1996). Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). "If the nonmoving party fails to establish the existence of an element essential to [her] case, one on which [she] would bear the burden of proof at trial, summary judgment must be granted

to the moving party." *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7th Cir. 1996).

## III. DISCUSSION

The Court has previously determined that the Judgment established Barrett breached his fiduciary duty to AMFG. Dkt. No. 98 at 10. AMFG's bankruptcy was at least in part, if not in full, caused by Barrett's actions. *Id.* at 10-11. To the extent that Barrett's brief invites the Court to reconsider these conclusions, the Court declines the invitation.

In their Motion for Summary Judgment, Defendants argue that Barrett's Complaint for contribution was frivolous, unreasonable, and groundless in violation of Ind. Code § 34-52-1-1(b). For purposes of awarding attorney fees pursuant to Ind. Code. § 34-52-1-1(b), a claim is "frivolous" if it is made primarily to harass or maliciously injure another or if counsel is unable to make a good faith and rational argument on the merits of the claim. *St. Mary Med. Ctr. V. Baker*, 611 N.E.2d 135, 137 (Ind. Ct. App. 1993). A claim is "unreasonable" if, based upon the totality of the circumstances, including the law and facts known at the time of filing the claim, no reasonable attorney would consider the claim justified or worthy of litigation. *Tipton v. Roerig, a Div. of Pfizer Pharm.*, 581 N.E.2d 1279, 1284 (Ind. Ct. App. 1991). A claim is "groundless" if no facts exist which support the legal claim relied upon and presented by the losing party. *Id.* A court is not required to find an improper motive to support an award of attorney fees; rather, an award may be based solely upon the lack of a good faith and rational argument in support of the claim. *Breining v. Harkness*, 872 N.E.2d 155, 161 (Ind. Ct. App. 2007).

With the above standards in mind, the Court notes that there is no question that Barrett and the Defendants were jointly and severally liable as co-guarantors of the notes

to UPB. Dkt. No. 98 at 10. Barrett sought contribution from the Defendants for amounts Barrett dispensed to UPB in satisfaction of the notes. *See* Ind. Code § 26-1-3.1-116 ("[A] party having joint and several liability who pays the instrument is entitled to receive [contribution] from any party having the same joint and several liability . . . ."). As the Court previously acknowledged, the Judgment did not explicitly state that Barrett was the sole cause of AMFG's bankruptcy, the event that led to UPB's suit to recover its pre-existing guarantees. Dkt. No. 98 at 10-11. It follows that a reasonable attorney could infer that Barrett was still entitled to contribution on the notes, to some extent, until the Court issued its Order dismissing the claim. Therefore, the Court cannot conclude as a matter of law that Barrett's claim for contribution was frivolous, unreasonable, or groundless as those terms have been defined by Indiana courts. *Tipton*, 581 N.E.2d at 1284; *St. Mary Med. Ctr.*, 611 N.E.2d at 137.

Defendants also allege that Barrett was motivated by a desire to retaliate against the Defendants when he brought his Complaint for contribution. Therefore, Defendants argue that Barrett's tactics amount to abuse of process under Indiana law. Abuse of process requires a finding of misuse or misapplication of the legal process to accomplish a goal that the legal process was not designed to accomplish. *Archem, Inc. v. Simo*, 549 N.E.2d 1054, 1061-62 (Ind. Ct. App. 1990). A party asserting abuse of process must show an ulterior motive and use of process that would not be proper in the normal prosecution of the case. *Cent. Nat'l Bank of Greencastle v. Shoup*, 501 N.E.2d 1090, 1095 (Ind. Ct. App. 1986). "A regular and legitimate use of process, though with an ulterior motive or bad intention[,] is not a malicious abuse of process." *Brown v. Robertson*, 92 N.E.2d 856, 858 (Ind. Ct. App. 1950).

Although Barrett committed an intentional tort by breaching his fiduciary duty to AMFG, the extent to which his breach and the pre-existing guarantees to UPB were interrelated was subject to dispute. Dkt. No. 98 at 10-11. Ordinarily, under Ind. Code § 26-1-3.1-116, Barrett would be entitled to receive contribution from the Defendants. Therefore, the Court declines to conclude as a matter of law that Barrett abused the legal process to accomplish a purpose for which it was not designed. *Cf. Archem, Inc.*, 549 N.E.2d at 1061-62 (holding verdict of "abuse of process" was supported by evidence where plaintiff filed suit in order to intimidate defendant into signing a new contract and the evidence demonstrated that plaintiff frequently filed suits against its salespeople in order to financially drain them and keep them employed with plaintiff's company).

On the present record, Barrett would be entitled to summary judgment on Count IV. Accordingly, the Court proposes to grant summary judgment for Barrett on Count IV, unless Defendants can show a dispute of material fact exists. *Goldstein v. Fid. & Guar. Ins. Underwriters, Inc.*, 86 F.3d 749 (7th Cir. 1996).

## IV.  CONCLUSION

For the foregoing reasons, Defendants', Carl W. Grow, Greg B. Stevens, and the Columbia First Group, Motion for Summary Judgment is **DENIED**.  Defendants are given **thirty** (30) days from the date of this Order to show why summary judgment should not be entered in Barrett's favor with respect to Count IV.  Barrett will have **thirty** (30) days thereafter to respond, and Defendants an additional **fifteen** (15) days to reply.

IT IS SO ORDERED this 24th day of August, 2009.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Danford Royce Due
DUE DOYLE FANNING  & METZGER
ddue@duedoyle.com

Carl W. Grow
CARL W. GROW
carl@labratsolutions.com

Jeffrey Alan Hunt
MCCROSSON & ASSOCIATES
jhunt@mccrossonlaw.com

Dennis Francis McCrosson III
MCCROSSON & ASSOCIATES
dmccross@mccrossonlaw.com

J. Bradley Schooley
HOSTETLER AND KOWALIK PC
jbs@hostetler-kowalik.com

Michael Eugene Simmons
HUME SMITH GEDDES GREEN & SIMMONS
msimmons@humesmith.com

Joseph A. Thomas
THOMAS SZOSTAK THOMAS & NUGENT
jatjoethomas@gmail.com