UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES H. BARRETT,           )<br>                              )<br>        Plaintiff,         )<br>    vs.                       )     NO. 1:07-cv-486-LJM-DML<br>                              )<br>CARL W. GROW,                 )<br>GREG B. STEVENS, and          )<br>THE COLUMBIA FIRST GROUP, LTD )<br>                              )<br>        Defendants.           ) | |

## ORDER

On August 24, 2009, the Court ordered that defendants, Carl W. Grow ("Grow"), Greg B. Stevens ("Stevens"), and the Columbia First Group("Columbia") (collectively "Defendants"), show cause as to why plaintiff, James H. Barrett ("Plaintiff"), should not be granted summary judgment with regard to Defendants' Count IV counterclaim for frivolous litigation and abuse of process ("Show Cause Order"). The Court has reviewed the parties' submissions and rules as follows.

### I. FACTS AND PROCEDURAL HISTORY

Plaintiff and Defendants were members of Arvinyl Metal Finishing Group, LLC ("Arvinyl"). Dkt. No. 98. Plaintiff served as President until 2001. *Id.* In 2000, Arvinyl became indebted to Union Planters Bank ("the Bank") upon execution of two promissory notes, one for $1,500,000.00 and another for $150,000.00. *Id.* Coupled with the execution of the notes, the Bank required Plaintiff and Defendants Grow and Stevens to execute continuing guarantees. *Id.* Arvinyl was unable to make payments on the notes, and the

Bank filed an action in Marion County Superior Court against Plaintiff and Defendants for collection on the notes and the guarantees. *Id.* As part of a settlement, Plaintiff agreed to pay the Bank $600,000.00, Defendants settled for a combined total of $190,000.00, and the claims for collection on the notes and guarantees by the Bank were dismissed. *Id.*

In connection with the Bank suit, a derivative action was pursued against Plaintiff for breach of his fiduciary duties to Arvinyl. Dkt. No. 76-2, *Thomas v. Arvinyl Metal Finishing Group*, No. 49-D-07-0111-CP-001805 (Marion Cnty. Super. Ct. May 23, 2003). Plaintiff was found to have breached his fiduciary duties to Arvinyl by transferring equipment and inventory without authorization, making false accounting statements, and accepting payment for the creation of a marketing plan for Arvinyl without completing the plan. *Id.* at 18. The Indiana Court of Appeals upheld this determination, and the Indiana Supreme Court declined transfer. *Id.*

Plaintiff filed suit in this Court seeking contribution for the amount he paid in the settlement with the Bank. Dkt. No. 41. Plaintiff alleges that he and Defendants were joint and severally liable for the entire settlement paid to the Bank. *Id.* Therefore, since Plaintiff paid $600,000.00 of the $790,000.00 settlement, he claims that he should only be liable for his equal share of $197,500.00 and should receive contribution for the remainder. *Id.*

In their original answer filed on August 15, 2008, Dkt. No. 76, Defendants counterclaimed for, among other things, frivolous litigation and abuse of process. Defendants contend that Plaintiff pursued his claim for contribution merely to harass Defendants and encourage settlement for less than the amount of the judgment owed to them by Plaintiff. In addition, Defendants contend that Plaintiff and his counsel should have known that the contribution claim was frivolous because Plaintiff had no legal right to seek

contribution for losses caused by his intentional torts. Defendants seek recovery and attorneys' fees under Ind. Code § 34-52-1-1(b).

On November 13, 2008, the Court concluded that Plaintiff's contribution claim was barred by the doctrine of unclean hands and dismissed the claim. Dkt. No. 98 at 14. Defendants' other counterclaims were also dismissed; only the counterclaim for frivolous litigation remains pending. *Id.* On August 24, 2009, the Court declined to conclude as a matter of law that Plaintiff pursued frivolous litigation. Dkt. No. 115 at 9. Defendants were ordered to show cause as to why Plaintiff should not be granted summary judgment in his favor on Defendants' frivolous litigation and abuse of process counterclaims. *Id.*

## II. STANDARD

As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). *See also United Ass'n of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1267-68 (7th Cir. 1990). Motions for summary judgment are governed by Federal Rule of Civil Procedure 56(c) ("Rule 56(c)"), which provides in relevant part:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials

which "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997 (7th Cir. 1996). It is not the duty of the Court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying applicable evidence. *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996).

In evaluating a motion for summary judgment, the Court should draw all reasonable inferences from undisputed facts in favor of the nonmoving party and should view the disputed evidence in the light most favorable to the nonmoving party. *See Estate of Cole v. Fromm*, 94 F.3d 254, 257 (7th Cir. 1996). The mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. Only factual disputes that might affect the outcome of the suit in light of the substantive law will preclude summary judgment. *See Anderson*, 477 U.S. at 248; *JPM Inc. v. John Deere Indus. Equip. Co.*, 94 F.3d 270, 273 (7th Cir. 1996). Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). "If the nonmoving party fails to establish the existence of an element essential to [her] case, one on which [she] would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7th Cir. 1996).

## III. DISCUSSION

## A. FRIVOLOUS LITIGATION

The Court once again examines Defendants' counterclaim that Plaintiff's contribution suit in this Court was frivolous, unreasonable, and groundless in violation of Ind. Code § 34-52-1-1(b). For purposes of awarding attorney fees pursuant to Ind. Code. § 34-52-1-1(b), a claim is "frivolous" if it is made primarily to harass or maliciously injure another or if counsel is unable to make a good faith and rational argument on the merits of the claim. *St. Mary Med. Ctr. v. Baker*, 611 N.E.2d 135, 137 (Ind. Ct. App. 1993). A claim is "unreasonable" if, based upon the totality of the circumstances, including the law and facts known at the time of filing the claim, no reasonable attorney would consider the claim justified or worthy of litigation. *Tipton v. Roerig, a Div. of Pfizer Pharm.*, 581 N.E.2d 1279, 1284 (Ind. Ct. App. 1991). A claim is "groundless" if no facts exist which support the legal claim relied upon and presented by the losing party. *Id.* A court is not required to find an improper motive to support an award of attorney fees; rather, an award may be based solely upon the lack of a good faith and rational argument in support of the claim. *Breining v. Harkness*, 872 N.E.2d 155, 161 (Ind. Ct. App. 2007).

Defendants argue that the Court's prior implication that Plaintiff's contribution claim was not frivolous is inconsistent with its ruling that the doctrine of unclean hands prevented Barrett from obtaining any recovery on his contribution claim because his intentional tort was at least part of the cause of Arvinyl's bankruptcy and inability to pay the Bank. However, even if Plaintiff thought he might not prevail, this is insufficient to characterize his claim as frivolous. *See* Ind. R. Prof'l. Conduct R. 3.1 cmt. (2010) ("[An] action is not frivolous even though the lawyer believes that the client's position ultimately will not

5

prevail."). Indiana courts have generally required great lapses in litigation judgment in order to characterize a claim as frivolous. *See, e.g., Kopka, Landau & Pinkus v. Hansen*, 874 N.E.2d 1065, 1076 (Ind. Ct. App. 2007) (frivolous lawsuit where plaintiffs' claims were based in partnership and defendant was not a partner); *Montgomery v. Trisler*, 771 N.E.2d 1234, 1239 (Ind. Ct. App. 2002) (frivolous appeal where appellant attempted to relitigate issues that had already been decided in two previous appeals in the same case); *Harco, Inc. of Indianapolis v. Plainfield Interstate Family Dining Servs.*, 758 N.E.2d 931, 944 (Ind. Ct. App. 2001) (frivolous claim for a mechanic's lien where no evidence that plaintiff performed work on the property).

As this Court has noted previously, the Marion County Superior Court did not indicate that Plaintiff's breach of fiduciary duty was the sole cause of Arvinyl's bankruptcy and inability to pay the Bank. Because the relationship between Plaintiff's breach of fiduciary duty and payment to the Bank was still in dispute, there is no question that "a reasonable attorney could infer that Barrett was still entitled to contribution on the notes, to some extent, until the Court issued its Order dismissing the claim." Dkt. No. 115 at 7. Defendants have not designated any evidence that would alter this conclusion.

### B. ABUSE OF PROCESS

Defendants also allege that Barrett was motivated by a desire to retaliate against Defendants when he brought his Complaint for contribution and, therefore, his tactics amount to abuse of process under Indiana law. Abuse of process requires a finding of misuse or misapplication of the legal process to accomplish a goal that the legal process

6

was not designed to accomplish.  *Archem, Inc. v. Simo*, 549 N.E.2d 1054, 1061–62 (Ind. Ct. App. 1990).  A party asserting abuse of process must show both an ulterior motive and use of process that would not be proper in the normal prosecution of the case.  *Cent. Nat'l Bank of Greencastle v. Shoup*, 501 N.E.2d 1090, 1095 (Ind. Ct. App. 1986).  "A regular and legitimate use of process, though with an ulterior motive or bad intention[,] is not a malicious abuse of process."  *Brown v. Robertson*, 92 N.E.2d 856, 858 (Ind. Ct. App. 1950).

Defendants have failed to designate any evidence to suggest that Plaintiff misused the legal process in this case.  They have shown nothing more than Plaintiff's intent to obtain contribution, a regular and legitimate use of the legal process, coupled with allegations of an ulterior motive.  Even assuming that Plaintiff had an ulterior motive, more is required to raise an issue of fact with regard to whether that process was illegitimate. There is no evidence that Plaintiff used the legal process in this case for any purpose contrary to what the law intended to accomplish.

## IV. CONCLUSION

For the foregoing reasons, Summary Judgment is **GRANTED** in favor of Plaintiff on Count IV of Defendants' counterclaim.  Count IV of Defendants' counterclaim is **DISMISSED WITH PREJUDICE.**  Judgment shall enter accordingly.

IT IS SO ORDERED this 24th day of August 2010.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Danford Royce Due
DUE DOYLE FANNING  & METZGER
ddue@duedoyle.com

Carl W. Grow
CARL W. GROW
carl@labratsolutions.com

Jeffrey Alan Hunt
MCCROSSON & ASSOCIATES
jhunt@mccrossonlaw.com

Dennis Francis McCrosson III
MCCROSSON & ASSOCIATES
dmccross@mccrossonlaw.com

J. Bradley Schooley
HOSTETLER AND KOWALIK PC
jbs@hostetler-kowalik.com

Michael Eugene Simmons
HUME SMITH GEDDES GREEN & SIMMONS
msimmons@humesmith.com

8